Barbour, C. J. (concurring).
Although I concur in the general reasoning and conclusion of my brother Monell, I prefer to put my decision in the case upon the following grounds:
The class of persons in this city who are employed by owners of lands to find a purchaser for them, or by those desirous of purchasing to procure a vendor for them, as is shown by the evidence to have been done in this case, are not in any legal or proper sense brokers, nor are they employed to act as such, although they are usually called by others, and style themselves so, and are in the habit of charging a percentage or broker’s commission for their services. For, while a broker is one who makes a bargain for another, and receives a commission for so doing (6 Bing. 702, 706), an agent, employed among merchants and others to make contracts between them, for a compensation commonly called brokerage (Russell on Factors, 3, 4 ; Story on Agency, § 22), no bargain or contract whatever is made by those who act as middle-men or intermediaries between vendors and purchasers of lands, nor, as the business is usually conducted, are they employed by either party to make a. bargain or contract. They are employed for the mere purpose of finding a person who will buy the *195 land of their principal, or sell to him such land as he may want, and their compensation is earned whenever their principal purchases the land from, or sells it to, the person so "brought to him. The rule, therefore, which makes it unlawful for a "broker to act as the agent of both parties in making the same purchase and sale, does not apply to this class of intermediaries, nor does its reason. An employment by a proposed vendor to find a purchaser of his land, is not in any manner inconsistent with a like employment by another to procure a vendor who will sell land to him. ITo harm can result to either, because of such double employment, nor from the fact that the person so employed receives a compensation from each; but, on the contrary, it may well be supposed that the services of a man who has the names of both purchasers and vendors upon his list of customers or principals, are the more valuable, because of that fact; and where that is the case, and he is the procuring cause of- a sale and purchase between them, there can be no good reason why he should not have from each such a reasonable compensation as he would be entitled to demand from either, if the sale or purchase by a customer was made to or from a stranger. It follows, that the fact that the plaintiff was employed by both the purchaser and seller in this case, as an intermediary to bring them together, does not constitute a bar to his recovery against the defendant.
Note.—This case was before the court in May, 1872, on an appeal from an order setting aside the verdict, and granting a new trial. See Vol. 84, page 486.—Reporters.